UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUNG PARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cause No. 1:10-cv-1408-WTL-WGH |
| INDIANA UNIVERSITY SCHOOL OF DENTISTRY, et al., | ) ) ) |
| Defendants. | ) ) ) |

## ENTRY ON MOTION TO ALTER JUDGMENT AND MOTION TO AMEND

Before the Court is the Plaintiff's Motion to Alter or Amend Judgment (Docket No. 32) and the Plaintiff's Motion to File an Amended Complaint (Docket No. 33). These motions are fully briefed, and the Court being duly advised, now **DENIES** both motions for the reasons set forth below.[1]

On November 4, 2010, Plaintiff Sung Park filed her Complaint against Indiana University School of Dentistry, the Trustees of Indiana University, Dr. John N. Williams, and Dr. Robert H. Kasberg, Jr. Park alleged that the Defendants dismissed her from dental school in violation of the federal Due Process and Equal Protection clauses. Park also alleged that her dismissal constituted a breach of contract. Instead of filing an Answer, the Defendants moved to dismiss Park's Complaint under FED. R. CIV. P. 12(b)(6). In February 2011, the Court granted the Defendants' motion, dismissed the Plaintiff's Complaint, and entered judgment in the Defendants' favor. *See* Docket No. 30 & 31.

---

[1] Having denied the Plaintiff's substantive motions, her Motion for Oral Argument (Docket No. 36) is also **DENIED**.

Park has now filed what she titles a "Motion under Federal Rule of Civil Procedure 59 and/or 60 for an Order Altering Judgment or for Relief from Judgment." Docket No. 32. Concurrently, Park filed a Motion to Amend her Complaint (Docket No. 33) pursuant to FED. R. CIV. P. 15.

As an initial matter, the Court notes that Park's motion is styled as either a Rule 59 or Rule 60 motion. As the Court will explain, these motions are not interchangeable and the Plaintiff's motion is properly brought under Rule 59(e), which provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Judgment was entered in the Defendants' favor on February 9, 2011 and Park filed her motion on March 4, 2011 – well within Rule 59's 28 day requirement. Had the Plaintiff's motion been filed more than 28 days after judgment was entered, the Court would have been forced to treat it as one for relief from judgment pursuant to Fed. R. Civ. P. 60(b). *See United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (stating that substantive motions to alter or amend a judgment filed after the Rule 59 deadline are evaluated under Rule 60(b)). This, as we shall see, would not have been in Park's best interests.

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Nw. Med. Faculty Found.*, 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *Am. Fed'n of Grain Millers, Local 24 v. Cargill, Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Here, the only arguable basis for a Rule 60(b) motion would be the for "any

2

other reason" catch-all category. But such a motion requires a showing of "extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Margoles v. Johns*, 798 F.2d 1069, 1072-73 (7th Cir. 1986). Park has not made such a showing. Thus, her Rule 60 motion would be unsuccessful. However, based on the filing date and the title of the motion, the Court concludes that Park's motion is actually a Rule 59(e) motion.

Federal Rule of Civil Procedure 59(e) provides the Court an opportunity to correct errors while the Court still has jurisdiction of the case. *See Sosebee v. Astrue*, 494 F.3d 583 (7th Cir. 2007). In general, to prevail on a Rule 59(e) motion, the challenging party must establish that there has been a manifest error of law or fact or that newly discovered evidence precludes entry of judgment. *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Here, Park claims that the Court committed an error of law by entering judgment in this case without giving her an opportunity to amend her Complaint. Park alleges that "'an order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right.'" Docket No. 32 ¶ 9 (quoting *Crestview Vill. Apartments v. United States HUD*, 383 F.3d 552, 557 (7th Cir. 2004)).

Park's argument ignores the 2009 amendment to FED. R. CIV. P. 15. This amendment took effect on December 1, 2009, almost a full year before Park's case was filed. Amended Rule 15(a)(1) states:

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Park did not amend her Complaint within 21 days of serving it; nor did she amend within

3

21 days of service of the Defendants' Rule 12(b)(6) motion. Instead, she waited until after the parties fully briefed the motion to dismiss and the Court decided the motion against her. Under the amended version of Rule 15(a), Park does not have the right to sit back, let the Court explain the shortcomings of her Complaint, and then take a mulligan and amend her Complaint.

Park also asserts that the Court ignored her request for "contingent leave to amend." Docket No. 35 at 2 n.1. This is not entirely accurate. Although Park did indicate in her response to the Defendants' motion to dismiss that she would be willing to amend her Complaint, this offer was made only with respect to her Equal Protection claim, which failed to allege membership in a protected class. Park stated in a footnote:

> Fed.R.Civ.P. 15(a)(1)(B) affords Ms. Park the right to amend her Complaint once without leave within twenty-one (21) days after serving of a motion under Fed.R.Civ.P. 12. *Ms. Park is willing to submit a formally amended Complaint setting forth two brief paragraphs affirmatively asserting her gender and national origin*, but she suggests that this Court may more simply allow such a basic (and seemingly unnecessary) amendment to occur through this submission.

Docket No. 23 at 3 n.2 (emphasis added).[2] Thus, despite her claim that she offered to amend her Complaint to correct pleading problems, Park did so only with respect to one claim. Moreover, the Equal Protection claim – the only claim that Park offered to correct – is entirely omitted from her proposed Amended Complaint.

Park's Rule 59 argument relies heavily on *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010), which she cites for the proposition that "if a district court dismissed for failure to

---

[2] Park reiterated this sentiment in a later footnote, stating: "If the Court so requires, *Ms. Park is willing to submit an amended verified complaint setting forth a single paragraph identifying her national origin, race, or ancestry*, even though such factual underpinning can hardly be contested based on the allegations of the Complaint and the Defendants' familiarity with Ms. Park over the course of her three (3) plus years of study at IUSD, as well as her application to the School in the first instance." Docket No. 23 at 14 n.7 (emphasis added).

4

state a claim the court should give the party one opportunity to try and cure the problem." However, *Bausch* was decided under the pre-2009 amendment version of Rule 15(a). Given the change in Rule 15, as well as the fact that Park waited until the Defendants (and for that matter the Court) pointed out the shortcomings in her Complaint, she should not now be allowed to amend her Complaint.

Finally, the Court notes that Park properly attached her proposed Amended Complaint to her Rule 15 motion. *See* Docket No. 33 Ex. 1. The Court has reviewed this document and has concluded that it does not correct the shortcomings that were identified in the Court's previous Entry dismissing the Plaintiff's case. Thus, even if the Court were willing to grant Park's Rule 59 and Rule 15 motions and allow her to amend her Complaint, it would be for naught as Park's Amended Complaint would be subject to dismissal on the same grounds as her original Complaint.

Accordingly, the Plaintiff's Motion to Alter or Amend (Docket No. 32), the Plaintiff's Motion to File an Amended Complaint (Docket No. 33), and the Plaintiff's Motion for Oral Argument (Docket No. 36) are all **DENIED**.

SO ORDERED: 05/09/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.